

| Lennon, Murphy & Lennon, LLC | The GrayBar Building<br>420 Lexington Ave., Suite 300<br>New York, NY 10170<br>phone (212) 490-6050<br>fax (212) 490-6070<br>www.lenmur.com | Tide Mill Landing<br>2425 Post Rd, Suite 302<br>Southport, CT 06890<br>phone (203) 256-8600<br>fax (203) 256-8615<br>mail@lenmur.com |
|---|---|---|

ATTORNEYS AT LAW

December 21, 2009

Hon. Sandra L. Townes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

*Re:*   ***Nanyuan Shipping Co. Limited v. Chorus Shipping Co. Ltd.***
      Civil Docket No.:   09-Civ.-5388(SLT)
      Our ref.:   08-1481

Dear Judge Townes:

    We represent the Plaintiff, Nanyuan Shipping Co. Limited, in the above referenced action brought pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.

    In addition to previous confirmation that garnishee Rha & Kim LLP was served on December 17, 2009, with the Writ and Ex Parte Order in the above-referenced action commanding them, as garnishees, to attach property of Defendant, we have confirmed that DONG IK LEE and IES Logistics Corp. were served on December 17, 2009 with the Writ and Ex Parte Order in the above-referenced action commanding them, as garnishees, to attach property of Defendant.

    On December 17, 2009 and December 18, 2009, we sent the attached letters via facsimile to Rha & Kim LLP, as garnishee, requesting confirmation that property of Defendant has been attached, to which we have received no response. We have not received a response from garnishees DONG IK LEE and IES Logistics Corp. that property of Defendant has been attached. In light of the fact that a check was made payable to DONG IK LEE from the Court Registry of the Southern District of New York, which check was picked up by Rha & Kim LLP on December 16, 2009, and garnishee is refusing to respond to our requests to confirm that property of the Defendant has been attached, we respectfully request this Court to issue an Order to garnishees to confirm or deny that the aforementioned property of the Defendant has been attached.

    We thank your Honor for consideration of this request.

Respectfully submitted,

Coleen A. McEvoy

CAM/bhs

Enclosures

cc: Via Facsimile (718) 321-9799

    Garnishee Rha & Kim LLP, 10-45 Utopia Parkway, Flushing, N. Y. 11358

    Garnishees DONG IK LEE and IES Logistics Corp.,



| | |
|---|---|
| **Lennon,** | The GrayBar Building |
| **Murphy &** | 420 Lexington Ave., Suite 300 |
| **Lennon, LLC** | New York, NY 10170 |
| ATTORNEYS AT LAW | phone (212) 490-6050 |
| | fax (212) 490-6070 |
| | www.lenmur.com |

Tide Mill Landing
2425 Post Rd, Suite 302
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615
mail@lenmur.com

December 17, 2009

<u>*Via facsimile:  (718) 321-9799*</u>
D. Jenny Kim
Rha & Kim LLP
40-45 Utopia Parkway
Flushing, N. Y. 11358

*Re:*    <u>***Nanyuan Shipping Co. Limited v. Chorus Shipping Co. Ltd.***</u>
       Civil Docket No.:    09-Civ.-5388(SLT)
       Our ref.:    08-1481

Dear Ms. Kim:

       We represent the Plaintiff, Nanyuan Shipping Co. Limited, in the above referenced action brought pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.

       We have confirmed that Rha & Kim LLP has been served this morning with the Writ and Ex Parte Order in the above-referenced action commanding you, as garnishee, to attach property of Defendant. We understand that yesterday you picked up a check from the Southern District of New York Court Registry which check, *inter alia,* constitutes property of Defendant.

       Please note that a levy is effective to attach property of a defendant in the possession of the garnishee at the moment of levy and the report thereof by the garnishee. If, between a levy and the garnishee's report, the defendant's property has moved from the garnishee's possession, because of prior instructions to the garnishee or otherwise, the garnishee becomes exposed to personal liability. See *Salles v. Chase Manhattan Bank*, 300 A.D.2d 226, 230, 754 N.Y.S.2d 236 (App. Div. 1st Dept. 2002) (citing *Mazzuka v. Bank of North America*, 53 Misc. 2d 1053, 280 N.Y.S.2d 495 (Civ. Ct. 1967)).

       We appreciate your earliest confirmation that Defendant's property has been successfully attached.

Regards,

Coleen A. McEvoy

CAM/bhs

**Lennon,
Murphy &
Lennon, LLC**

ATTORNEYS AT LAW

The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
phone (212) 490-6050
fax (212) 490-6070

www.lenmur.com

Tide Mill Landing
2425 Post Rd, Suite 302
Southport, CT 06890
phone (203) 256-8600
fax (203) 256-8615

mail@lenmur.com

December 17, 2009

<u>*Via facsimile:* (718) 321-9799</u>
D. Jenny Kim
Rha & Kim LLP
40-45 Utopia Parkway
Flushing, N. Y. 11358

Re:   <u>*Nanyuan Shipping Co. Limited v. Chorus Shipping Co. Ltd.*</u>
      Civil Docket No.:   09-Civ.-5388(SLT)
      Our ref.:           08-1481

Dear Ms. Kim:

    As you know, we represent the Plaintiff, Nanyuan Shipping Co. Limited, in the above referenced action brought pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.

    We write further to our letter of earlier today. Please note that the Writ and Ex Parte Order in the above-referenced action commanding you, as garnishee, to attach property of Defendant, also commands attachment of accounts of any agent(s) of Rha & Kim LLP. We understand that the check you picked up yesterday from the Southern District of New York Court Registry, which, *inter alia,* constitutes property of Defendant, was made payable to DONG IK LEE. Therefore, please take notice that the Writ served upon you earlier today includes DONG IK LEE as your agent.

    We appreciate your earliest confirmation that Defendant's property has been successfully attached.

                                        Regards,

                                        Coleen A. McEvoy

CAM/bhs



| | |
|---|---|
| **The GrayBar Building** | **Tide Mill Landing** |
| 420 Lexington Ave., Suite 300 | 2425 Post Rd, Suite 302 |
| New York, NY 10170 | Southport, CT 06890 |
| phone (212) 490-6050 | phone (203) 256-8600 |
| fax (212) 490-6070 | fax (203) 256-8615 |
| www.lenmur.com | mail@lenmur.com |

December 18, 2009

*Via Email: jkim@rhakimlaw.com*
*Via Facsimile (718) 321-9799*
Rha & Kim LLP
10-45 Utopia Parkway
Flushing, N. Y. 11358
Attn: Jenny Kim, Esq.

    Re:    *Nanyuan Shipping Co. Limited v. Chorus Shipping Co. Ltd.*
           E.D.N.Y. Case No.:  09-Civ-5388 (SLT)
           Our ref.:                08-1481

Dear Ms. Kim,

      We represent the Plaintiff, Nanyuan Shipping Co. Limited, in the above referenced action brought pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure.

      Yesterday we served Rha & Kim LLP at 40-45 Utopia Parkway, Flushing, N. Y. 11358 as garnishee of tangible and/or or intangible property of Defendant Chorus Shipping Co. Ltd. We attach hereto a courtesy copy of the Ex Parte Order and Writ of Attachment that was served.

      We have also served IES Logistics Corp., 155-04 145th Ave., Jamaica, NY 11434, who we understand may have been given Chorus Shipping Co. Ltd's property in the form of a check issued by the Court Registry for the U.S. District Court for the Southern District of New York.

      We request that you promptly advise our office whether the service of the Ex Parte Order and Writ on Rha & Kim has served to attach tangible or intangible property of Chorus Shipping Co. Ltd. in the possession of Rha & Kim or in the possession of the agent(s) and/or banking institutions of Rha & Kim. Please be advised that as garnishee Rha & Kim is obligated to confirm with obligations under the Supplemental Rules for Maritime and Admiralty Claims and Asset Forfeiture Actions.

      If Rha & Kim contends that it does not have any such tangible or intangible property in its possession then it is requested to confirm (a) when the aforementioned check was given to IES Logistics Corp. (b) why the check was given to IES Logistics and (c) if Mr. Dong Ik Lee is affiliated in any way with Chorus Shipping Co. Ltd.

      We await your prompt response to the foregoing and reserve our client's rights in this matter.

Kind regards,

Kevin J. Lennon

KJL/bhs
Enclosure